Opinion issued July 21, 2026



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-25-00082-CV**

————————————

**ROBERT F. STRANGE AND LANA STRANGE, Appellants**

**V.**

**VILLAGE PLACE COMMUNITY ASSOCIATION, INC., Appellee**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-46730**

---

## MEMORANDUM OPINION

This 2017 lawsuit about failure to pay annual maintenance assessments went unresolved for years before finally making it to a non-jury trial in October 2024. The homeowner's association moved for a default judgment (to no avail) and for

summary judgment (also to no avail).  Eventually, the case went to a bench trial, after which the court found for the association.  The final judgment awards past due assessments, forecloses on a lien, and awards the association attorney's fees.

Appearing in this Court pro se, appellants Robert and Lana Strange contend that the judge allowed fraudulent documents to come into evidence.  Unfortunately, appellants have not brought forward a record of the trial, although they have sought to overcome the lack of a record by attaching documents to their brief as evidence.  Their brief explains their legal position as follows:

> The crux of Appellants argument is that Appellees presented false evidence at Trial as shown in Plaintiff's Trial Exhibit 8 and further that Appellees representative presented false testimony at trial all of which was contrary to Appellees accounting statement given to Appellants in November of 2017 (Appeal Exhibit A) and therefore a New Trial should be ordered or the judgment of the Trial Court overturned.

> Further Appellants seek to have Texas Statute 209.0063 be properly applied to the October 2017 payment of $10,010.76 which was made to Appellees and that Appellees accounting records be made to properly reflect that all amount[s] due to Appellees through the year 2017 were in fact paid and that Cause 2017-46730 became moot in October of 2017 when the $10,010.76 was paid and further that all claims prior to payment of the $10,010.76 were barred by res judicata.

> Further Appellants seek to have all claims not pled in their original or amended pleadings such as HOA assessments for 2018 through 2024 be deemed void and uncollectable by Cause 2017-46730 and inadmissible since such claims were never pled before trial and because Texas Statutes preclude filing a lawsuit in 2017 for amounts that did not come due until the years 2018 through 2024. Texas Statute 209 allows for the collection of past due amounts to HOA's but does

2

not allow attempting to collect future assessments which were never pled in Cause 2017-46730.

Further Appellants seek sanctions against Appellees and their legal counsel for perpetrating said Fraud.

In response, the association points out that the state of the record makes it impossible to know what happened in the trial and to decide whether the trial judge committed any error in allowing certain exhibits into evidence. According to the association, "there is no reporter's record of either the trial on the merits or the hearing on motion for new trial." Thus, "the Court has no way to confirm any timely objection was made below." Additionally, with respect to appellants' request for sanctions, the association argues that appellants never moved for sanctions in the trial court, nor did they seek sanctions in their new trial motion.

We agree that the state of the record requires us to uphold the judgment. Without a transcript of the proceedings at trial, we cannot know what documents came into evidence or were kept out. We cannot know whether anyone objected to any of that evidence, whether the judge sustained or overruled such objections, or whether any erroneous rulings during the trial caused anybody any harm. We cannot know whether appellants' "newly discovered evidence" was so material that it probably would produce a different result if a new trial were granted. Nor can we evaluate appellants' arguments about res judicata or offset, because we would need

3

to see the evidence on that point (assuming that we could find a pleading that raised res judicata or offset as an affirmative defense).

Thus, we cannot presume preservation, error, or harm. Instead, we start from the familiar presumption that the lower court handled the case appropriately. *See, e.g., Gordon v. Godsey*, No. 01-07-00494-CV, 2007 WL 4465389, at *2 (Tex. App.—Houston [1st Dist.] Dec. 20, 2007, no pet.) (mem. op.) ("If, as here, the trial court conducts a bench trial and enters findings of fact, and if the record on appeal does not include the reporter's record from the bench trial, we must presume that the evidence presented at trial was sufficient to support the trial court's findings and judgment."); *see also Bennett v. Cochran*, 96 S.W.3d 227, 229–30 (Tex. 2002) (per curiam) (restating principle that, absent complete record on appeal, appellate court must presume omitted items supported trial court's judgment).

Nor can we accept attachments to a brief as substitutes for a proper record. Appellate courts are confined to matters appearing in the appellate record. *See Democratic Schs. Rsch., Inc. v. Rock*, 608 S.W.3d 290, 305 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *Dauz v. Valdez*, 571 S.W.3d 795, 811 (Tex. App.—Houston [1st Dist.] 2018, no pet.). Appellate courts cannot consider documents attached as exhibits or appendices to briefs if those documents are not formally included in the record on appeal. *See Rock*, 608 S.W.3d at 305; *Dauz*, 571 S.W.3d at 811.

For the preceding reasons, and given the state of the record on file before us, this Court has no basis for disturbing the trial court's judgment. We therefore overrule appellants' complaints.

We affirm the judgment of the trial court.


David Gunn
Justice

Panel consists of Justices Guerra, Gunn, and Morgan.